**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**ERIC WAKEFIELD,**

**Plaintiff,**

**vs.**

**Case No. 21-cv-00867-JPG**

**FRANKLIN COUNTY JAIL, CHRISTOPHER POLICE DEPT., MARIE, JACOB, GERALD, MALLORY, PAT, MATT, ZANE, WHEATLY, CASEY, FRANKIE V., ANN, SUE, SCOBLE, GALAGHER, ANDREW TRAGOLO, and CODY NICHOLS,**

**Defendants.**

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Eric Wakefield, an inmate who is currently detained at Franklin County Jail in Benton, Illinois, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff complains about the denial of medical care for an aneurysm he suffered on the date he was taken into custody and a ruptured testicular blood vessel that occurred many months later. (*Id*. at 1-8). He seeks an investigation into the matter.[1] (*Id*. at 3).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims.

[1] The Court interprets this as a request for injunctive relief **at the close of the case**. The Franklin County Jail Administrator "John Doe" shall be **ADDED**, in his or her official capacity, for purposes of carrying out any injunctive relief that is ordered herein. Should Plaintiff require interim relief, in the form of a temporary restraining order ("TRO") or preliminary injunction, he should file a motion for TRO and/or preliminary injunction under Federal Rule of Civil Procedure 65(a) or (b) at any time he deems it necessary during the pending action. In the motion, Plaintiff should set forth the exact relief he requires and the facts that support his request for relief.

28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

The following allegations are set forth in the Complaint (Doc. 1, pp. 1-8): Just before he was taken into custody on September 26, 2019, Plaintiff was attacked while sleeping in his home. (*Id*. at 1). He sustained a blow to his head that caused an aneurysm. For seventeen months after he was detained at the Jail, Plaintiff was denied medical care for it. (*Id*.).

Plaintiff filed 160 complaints and grievances to report throbbing, burning, and skull-splitting pain. (*Id*. at 2-8). Finally, in January 2021, a new doctor and nurse examined Plaintiff and diagnosed him with an aneurysm. (*Id*. at 1-2). He was given orphenadrine[2] (100 mg) and naproxen (500 mg). (*Id*. at 3). However, these medications only eased his symptoms for a few hours at a time. He continues to suffer symptoms from pressure in his head, blurred vision, and tingling between his shoulder blades. (*Id*.).

On or around December 26, 2020, a blood vessel ruptured in Plaintiff's testicle. (*Id*. at 2). The rupture caused profuse bleeding. Plaintiff applied pressure to the injury with paper towels, but the bleeding continued for more than seven hours. (*Id*.).

Officer Gage Darnell, a friend of his ex-wife, took him out of his cell and down the stairs, where a dozen "guys" stood laughing and calling him names. Officer Darnell then left Plaintiff in a holding cell, where he continued to bleed from 11:00 p.m. until 6:30 a.m. the next day. Just

[2] Orphenadrine is used to relax certain muscles in the body and, in some cases, relieve trembling caused by Parkinson's Disease. *See* https://www.mayoclinic.org/drugs-supplements/orphenadrine-oral-route/description/drg-20065214 (site last visited August 17, 2021).

fifteen minutes after the bleeding stopped, Jacob Bartoni entered the cell, looked at the injury, and walked away—over Plaintiff's objections and insistence that the bleeding only ended minutes earlier. Plaintiff reports that approximately one dozen witnesses observed this incident. (*Id.*).

Plaintiff's attorneys are aware of these issues, and he specifically names one of them (Cody Nichols) as a defendant. (*Id.* at 3). He also mentions Ed Dorsey and Myrrha Guzman but does not name them as parties to this action. (*Id.*).

**Preliminary Dismissals**

Plaintiff refers to the following individuals as defendants in the case caption of his Complaint without mentioning them in the statement of his claim: Franklin County Jail, Christopher Police Department, Marie, Gerald, Mallory, Pat, Matt, Zane, Wheatly, Casey, Frankie V., Ann, Sue, Scoble, Galagher, and Andrew Tragolo. Merely naming a defendant in the caption is not enough to state a claim against him or her. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Section 1983 creates a cause of action based on personal liability and predicated upon fault, so a plaintiff must set forth allegations describing what each defendant did, or failed to do, in violation of his federally protected rights. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Because Plaintiff does not describe any act or omission by these defendants in the body of the Complaint, they shall be dismissed without prejudice from the action.

Plaintiff also refers to the following individuals in the statement of his claim without naming them as defendants: Ed Dorsey, Myrrha Guzman, and Gage Darnell. The Court will not treat these individuals as defendants because Plaintiff does not identify them as such in the case caption. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Accordingly, these individuals are not considered part of this action.

Finally, Plaintiff names his attorney, Cody Nichols, as a defendant. Section 1983 imposes liability on state actors for deprivations of a plaintiff's federally protected rights. *Jones v. Cummings*, 998 F.3d 782 (7th Cir. 2021). Private conduct is generally not subject to liability under Section 1983, unless the conduct takes on the color of state action. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (2009). Plaintiff has failed to allege or even suggest that his attorney's conduct subjected him to personal liability under Section 1983. Accordingly, Cody Nichols shall also be dismissed without prejudice.

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

**Count 1:** Fourteenth or Eighth Amendment claim against Defendants for denying Plaintiff's medical treatment for his aneurysm at the Jail from September 26, 2019 through 2021.

**Count 2:** Fourteenth or Eighth Amendment claim against Defendants for denying Plaintiff medical treatment for a ruptured blood vessel in his testicle on or around December 26, 2020.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

**Counts 1 and 2**

The applicable legal standard for both claims depends on Plaintiff's status as a pretrial detainee or convicted prisoner when his claims arose. The Fourteenth Amendment's objective unreasonableness standard governs a pretrial detainee's claims for unconstitutional conditions of confinement and denial of medical care. *See Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019) (conditions of confinement claim); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018)

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

(denial of medical care). The Eighth Amendment standard governs the same claims brought by a convicted person and requires a showing of a sufficiently serious deprivation (an objective standard) and deliberate indifference by each defendant (a subjective standard). *See Hardeman*, 933 F.3d at 822 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To state a claim under both amendments, Plaintiff must set forth allegations demonstrating each defendant's personal involvement in a constitutional deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

Plaintiff has failed to identify any defendants in connection with Count 1. Accordingly, the allegations fall short of stating a plausible claim. Count 1 shall be dismissed without prejudice.

However, Plaintiff has set forth sufficient allegations to state a claim in Count 2 against "Jacob," who is identified more specifically in the statement of claim as "Jacob Bartoni." Plaintiff claims that this individual ignored his pleas for medical attention, after a burst blood vessel in his testicle bled for over seven hours. This claim warrants further consideration. The Clerk's Office shall be directed to substitute "Jacob Bartoni" in place of "Jacob" as a defendant in CM/ECF, and Count 2 shall receive further review against Jacob Bartoni.

## Disposition

**IT IS ORDERED** that the **COMPLAINT** survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 2** will proceed against Defendant **JACOB BARTONI**. The Clerk's Office is **DIRECTED** to **SUBSTITUTE** "Jacob Bartoni" in place of "Jacob" as a defendant in CM/ECF. The Clerk's Office is further **DIRECTED** to **ADD** the **FRANKLIN COUNTY JAIL ADMINISTRATOR "JOHN DOE" (official capacity only)** as a defendant, and he or she shall be responsible for carrying out any injunctive relief that is ordered in this case. The Jail Administrator need only appear in this matter and need not file an answer.

**Because one or more claims involve the alleged denial of medical care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice based on the Complaint's failure to state a claim for relief.

**IT IS ORDERED** that the following defendants are **DISMISSED** without prejudice because the Complaint states no claim for relief against them, and the Clerk's Office is **DIRECTED** to **TERMINATE** these defendants as parties in CM/ECF: **FRANKLIN COUNTY JAIL, CHRISTOPHER POLICE DEPARTMENT, MARIE, GERALD, MALLORY, PAT, MATT, ZANE, WHEATLY, CASEY, FRANKIE V., ANN, SUE, SCOBLE, GALAGHER, ANDERW TRAGOLO,** and **CODY NICHOLS**.

With respect to **COUNT 2**, the Clerk of Court shall prepare for Defendants **JACOB BARTONI** and **FRANKLIN COUNTY JAIL ADMINISTRATOR "JOHN DOE"** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work

address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Bartoni is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant Bartoni should only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/17/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendant(s) of your lawsuit and serve the defendant(s) with a copy of your complaint. After service has been achieved, the defendant(s) will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before counsel for the defendant(s) has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**